IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DEMETRICK PENNIE,** § | |
| § | |
| § | |
| *Plaintiff* § | |
| § | |
| vs. § | CIVIL ACTION NO. 3:19-cv-01945-E |
| § | |
| **THE DALLAS MORNING NEWS, INC.** § | |
| **ET AL.,** § | |
| § | |
| *Defendants* § | |

### DEFENDANTS' COMBINED MEMORANDUM BRIEF IN RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO STAY

COME NOW, Mayes Media Group, LLC ("Mayes Media"), Brian Mayes ("Mayes"), Michael Mata ("Mata"), the Dallas Police Association ("DPA"), The Dallas Morning News, Inc. ("TDMN"), Naomi Martin ("Martin"), Ariana Giorgi ("Giorgi"), the City of Dallas ("City"), Frederick Frazier ("Frazier"), and Dallas Police Association's Assist the Officer Foundation, Inc. ("ATO") (collectively "Defendants"), by and through their attorneys of record, and file this *Defendants' Combined Memorandum Brief in Response and Objection to Plaintiff's Motion to Stay ("Response")*[1] and would show unto the Honorable Court as follows:

### I.
### BACKGROUND

This action arises from an allegedly defamatory news article published by TDMN, as well as purported employment discrimination by the former Mayor of Dallas and the City of Dallas. *See gen., Complaint*, Doc. Entry No. 1. Plaintiff Demetrick Pennie ("Pennie") has sued numerous parties, including many that had nothing to do with the allegedly defamatory article

---

[1] In the interests of judicial economy, Defendants are filing this joint, combined response.

and those who could not possibly have discriminated against Pennie as they are not his employers. *See id.* Each Defendant who has appeared has filed a Rule 12(b) motion to dismiss, all of which are pending before this Court. *See* Doc. Entry Nos. 12; 14; 17; 20; 22; 24; 29.

Months after filing the *Complaint*, Plaintiff's counsel, Larry Klayman, filed a request to proceed without local counsel, which this Court recently denied. *See Electronic Order*, Doc. Entry No. 26; *see also* Local Rule 83.10. Thereafter, on December 10, 2019, Pennie filed *Plaintiff's Motion to Stay ("Motion")* seeking a stay of all proceedings. *See Motion*, Doc. Entry No. 27, at pp. 1-2. Without stating a legal basis or standard for any stay, Pennie asserts that because of this Court's Order (Doc. Entry No. 26), he is now *pro se* and seeks a stay of all proceedings so he may find new counsel. *See Motion*, Doc. Entry No. 27, at pp. 1-2. Notably, Pennie's *Motion* was filed in violation of this Court's local rules regarding certificates of conference, a separate motion and brief as well as a proposed order.

Pennie's *Motion* should be denied outright and not considered by this Court.

## II.
## OBJECTIONS TO THE *MOTION*

### A. PURPORTED *PRO SE FILING*

Pennie's *Motion* purports to be a *pro se* filing. *See Motion*, Doc. Entry No. 27, at pp. 1-2 ("Plaintiff's counsel of choice, Mr. Larry Klayman ("Mr. Klayman") has been precluded from representing Plaintiff without local counsel, thereby forcing Plaintiff to proceed *pro se* . . . I have asked Mr. Klayman to file this pro se pleading for me, as I am not signed up for electronic filing . . . From this point forward, Mr. Klayman will only forward any order concerning this motion and any related pleadings to me, as he no longer is able to assist me given the Court's prior ruling, which is at odds with his ability to represent clients before this Court for many years

without local counsel"). Additionally, the *Motion* was signed by Demetrick Pennie as "Plaintiff Pro Se." *Id.* at p. 2.

Despite these representations, Larry Klayman: (1) has not withdrawn from representing Plaintiff; (2) has not filed a motion to withdraw; (3) has not secured an order from this Court regarding any withdrawal; and (4) has filed the *Motion* for alleged *pro se* Plaintiff Pennie via this Court's e-filing system. Pennie must proceed *pro se* or with an attorney, but not both. If Pennie is now *pro se*, Pennie's counsel must obtain leave to withdraw as required by this Court's Local Rules. *See* Local Rule 83.12.

### B. FURTHER VIOLATION OF THIS COURT'S LOCAL RULES

The *Motion* also does not comply with this Court's local rules regarding conferral, which state:

a. **Conference -** Before filing a motion, an attorney for the moving party must confer with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences are not required for motions to dismiss, motions for judgment on the pleadings, motions for summary judgment, motions for new trial, or when a conference is not possible.

b. **Certificate of Conference.**
   1. Each motion for which a conference is required must include a certificate of conference indicating that the motion is unopposed or opposed.
   2. If a motion is opposed, the certificate must state that a conference was held, indicate the date of conference and the identities of the attorneys conferring, and explain why agreement could not be reached.
   3. If a conference was not held, the certificate must explain why it was not possible to confer, in which event the motion will be presumed to be opposed.

*See* Local Rules 7.1(a) and (b). Pennie's conferral efforts with respect to the *Motion* apparently consisted of a rote email - not asking for any conference - sent hours before filing, to which counsel were not afforded an opportunity to respond.[2] Indeed, defense counsel had no reason to

---

[2] None of the undersigned were aware of this email prior to Plaintiff's filing of the *Motion*.

expect a communication directly from Pennie, given that he is still represented by counsel in this matter.

Moreover, Pennie's *Motion* has no separate certificate of conference and only states in the body: "I have asked the Defendants' counsel, as a matter of professional courtesy for their consent as Mr. Klayman had provided me with their email addresses and I have access to the prior pleadings. I have not heard back from any of them." *See Motion*, at p. 1. This is not a proper certificate of conference, whether procedurally or substantively. *See* Local Rules 7.1(a) and (b). Because Pennie has failed to comply with the conference requirement of Local Rules 7.1(a) and (b), Defendants object to the *Motion* and it should be denied.

Finally, the *Motion* fails to comply with this Court's Local Rules requiring a separate motion and brief as well as a proposed order. *See* Local Rules 7.1(c), (d), (h), 7.2; *Motion,* at pp. 1-2, Doc. Entry No. 27.

For all these reasons, Defendants object to the *Motion* and challenge whether the *Motion* is properly before this Court for any ruling.

## III.
## NO BASIS FOR STAY

As to its substance, the *Motion* fails to articulate any legal basis for a stay of all proceedings. "The party moving to stay 'must make out a clear case of hardship or inequity' that someone will suffer harm should the judicial proceeding go forward." *United States v. Bazemore*, No. 3:09-CV-2237-P, 2010 WL 11618040, at *1 (N.D. Tex. June 24, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "Whether such a circumstance exists depends on a balance between the harm of moving forward and the harm of holding back." *Id.* (quotations and alterations omitted). "Although the Court has the inherent power to stay any matter pending before it in the interest of justice and economy of time and effort for itself, for counsel and for

litigants, the moving party bears a heavy burden to show why a stay should be granted." *Schwartz v. Khodr*, No. 17-629, 2017 WL 1153396, at *1 (E.D. La. Mar. 28, 2017) (quotations omitted); *see also Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.,* 761 F.2d 198, 203, n.6 (5th Cir. 1985).

Pennie falls well short of his heavy burden. The only stated reason for the requested stay is that the Court will not waive the longstanding Northern District requirement that parties associate local counsel. *Motion,* at pp. 1-2, Doc. Entry No. 27. Failure to observe local rules does not justify a stay. *See Schwartz*, 2017 WL 1153396, at *1.

In *Schwartz,* for example, the court denied a similar motion to stay, observing that motions to dismiss had been filed and the case had been pending for nearly two months, "giving Plaintiff ample time to retain local counsel." *Id.*; *see also Corto v. John F. Kennedy Ctr. For Performign Arts*, No. 96-5199, 1997 WL 215906, at *1 (D.C. Cir. Apr. 24, 1997) (denying motion to stay and observing that "appellant has had ample time to secure local counsel").

Like the plaintiff in *Schwartz*, Pennie and Klayman have had months to obtain local counsel. The local counsel requirement is not a new rule, and its application should have been expected when Pennie and Klayman elected to file suit in this Court on August 14, 2019. *See Complaint*, Doc. Entry No. 1. The Court further reminded Pennie of the local counsel requirement on November 6, 2019 and gave him a further twenty days to comply with it. *See Electronic Order*, Doc. Entry No. 10. Instead, Klayman and Pennie decided to violate Local Rules 83.10 and 83.1, file this case without local counsel and continue to prosecute it, also without local counsel. Pennie cannot now claim hardship based on his chosen course. *See Schwartz*, 2017 WL 1153396, at *1. As the Fifth Circuit has observed, "[w]here a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Coastal (Bermuda) Ltd.*, 761 F.2d at 203 n.6.

Additionally, all Defendants have filed motions to dismiss Pennie's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. These motions will be determined by Pennie's pleading. Whether Pennie associates a new attorney will not cure the pleading and jurisdictional defects alleged under Rule 12(b), and as to the latter, "[a] federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case." *Lynch v. Union Pac. R.R. Co.*, 24 F. Supp. 3d 597, 599 (N.D. Tex. 2014). This Court should therefore not indulge Pennie's request to press pause and cure obvious defects which Pennie and Klayman knew at the outset of this case. Consequently, there is no reason to grant a stay and delay ruling on the pending motions to dismiss.

For these reasons, Pennie's *Motion* should be denied.

## IV.
## PRAYER

WHEREFORE, Defendants respectfully request this Court deny Pennie's *Motion*, and for such other and further relief as to which they may show themselves justly entitled.

Respectfully submitted,

**PAYNE & BLANCHARD, L.L.P.**

*/s/ Shawn M. Stewart*
_____

**Shawn M. Stewart**
State Bar No. 24046918
717 N. Harwood Street, Suite 3350
Dallas, Texas 75201
Telephone:      (214) 231-3249 (Stewart)
Facsimile:      (469) 200-1229
sstewart@pandblaw.com
**Attorneys for Defendants**
**Mayes Media Group, LLC and Brian Mayes**

*And*

LAW OFFICE OF MARK A. TICER

By:  */s/ Jennifer W. Johnson*
       Jennifer W. Johnson
       State Bar #24060029
       jjohnson@ticerlaw.com
       Mark A. Ticer
       State Bar #20018900
       mticer@ticerlaw.com
       10440 N. Central Expressway, Suite 600
       Dallas, Texas  75231
       (214) 219-4220
       (214) 219-4218 (FAX)

**ATTORNEYS FOR DEFENDANTS DPA AND MATA**

*And*

By: */s/ Paul C. Watler*
Paul C. Watler
State Bar No. 20931600
pwatler@jw.com
Shannon Zmud Teicher
State Bar No. 24047169
steicher@jw.com
Eric D. Wong
State Bar No. 24102659
ewong@jw.com
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, Texas 75201
Phone: (214) 953-6000
Fax: (214) 953-58

**ATTORNEYS FOR DEFENDANTS THE DALLAS MORNING NEWS, INC., NAOMI MARTIN, AND ARIANA GIORGI**

*And*

OFFICE OF THE CITY ATTORNEY
CITY OF DALLAS, TEXAS

Christopher J. Caso
Interim City Attorney

 s/ *Charles A. "Cal" Estee*
CHARLES A. ESTEE
Assistant City Attorney
State Bar of Texas No. 24066522
cal.estee@dallascityhall.com
JUSTIN ROY
Assistant City Attorney
State Bar of Texas No. 24013428
justin.roy@dallascityhall.com
7BN Dallas City Hall
1500 Marilla Street
Dallas, Texas 75201
Telephone – 214/670-3519
Telecopier – 214/670-0622

**ATTORNEYS FOR DEFENDANT THE CITY OF DALLAS**

*And*
**FLETCHER, FARLEY**

**SHIPMAN & SALINAS, LLP**

*/s/ Fernando P. Arias*
**FERNANDO P. ARIAS**
**ATTORNEY IN CHARGE**
State Bar No. 24025946
**MARK D. HARDY, JR.**
State Bar No. 24087667
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 fax
fred.arias@fletcherfarley.com
dj.hardy@fletcherfarley.com

**ATTORNEYS FOR DEFENDANTS DALLAS POLICE ASSOCIATION'S ASSIST THE OFFICER FOUNDATION, INC. AND FREDERICK FRAZIER**

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of December, 2019, I electronically filed the foregoing with the Clerk of the Court using the electronic case filing system which will send a true and correct copy of the foregoing via electronic mail via the Court's CM/ECF Electronic Notification System to all known counsel of record.

*/s/ Jennifer W. Johnson*
_____
Jennifer W. Johnson