IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DEMETRICK PENNIE,                        §
                                         §
        Plaintiff,                       §
                                         §
v.                                       §          Civil Action No. 3:19-cv-01945-E
                                         §
DALLAS MORNING NEWS, et al,              §
                                         §
        Defendants.                      §

## ORDER

Before the Court is Plaintiff Demetrick Pennie's Motion to Stay (Doc. No. 27).  Having

carefully considered the motion, the parties' briefing, and applicable law, the Court concludes

the motion should be **DENIED** for the following reasons.

On August 4, 2019, Pennie, a City of Dallas police officer and president of the nonprofit

Dallas Fallen Officer Foundation, filed his Original Complaint asserting claims against thirteen

defendants and alleging he was "the target of racial discrimination and a coordinated conspiracy

to topple his organization and to publicly defame his character" (Doc. No. 1).  By order dated

November 6, 2019, the Court advised Pennie he needed to comply with the local counsel

requirements set out in Local Rule 83.10[1] and gave Pennie twenty days to comply (Doc. No. 10).

On November 26, 2019, Pennie filed a request for leave to proceed without local counsel (Doc.

No. 16), which the Court denied by Order dated December 4, 2019 (Doc. No. 26).  Pennie

requests a ninety-day stay so he can retain local counsel.

A district court has authority to stay proceedings pursuant to its inherent power to control

its docket.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The court must exercise its

judgment, weighing the competing interests and maintaining "an even balance."  *Wedgeworth v.*

---

[1] Under Local Rule 83.10(a), "local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district."

*Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (citing *Landis*, 299 U.S. at 254–55).  It is "rare" that a stay is appropriate, and a movant "must make out a clear case of hardship or inequity in being required to go forward[] if there is even a fair possibility that the stay ... will work damage to someone else."  *Landis*, 299 U.S. at 255.

In support of a stay, Pennie asserts the Court, by precluding his counsel of choice from representing him without local counsel, has "force[ed]" him to proceed *pro se*.  He is "in the middle of a congressional campaign which is occupying much of his available time[, and] is unable and not equipped to respond to Defendants' pending motions to dismiss without the aid of counsel."  Pennie also contends securing representation "will likely come with its own set of challenges since this is a controversial case."  Pennie's motion fails to address any hardship or inequity a stay may cause the defendants he has sued in this action.

Contrary to Pennie's assertion, the Court has not "forced" him to proceed *pro se*.  Indeed, his counsel has not withdrawn and assisted Pennie in filing his motion to stay.  Further, Pennie now has had five months since filing this action to comply with Local Rule 83.10 and obtain local counsel.  Meanwhile, the defendants have obtained counsel to respond to Pennie's claims and have filed motions to dismiss; there are presently ten motions to dismiss pending in this case (Doc. Nos. 12, 14, 17, 20, 22, 24, 29, 32, 33, & 35).  Under the circumstances, the grounds asserted in Pennie's motion do not establish a clear case of hardship or inequity in being required to go forward without a stay in this action, which he filed.  Having weighed the competing interests and in an effort to maintain "an even balance," the Court finds this action should not be stayed.  Accordingly, Pennie's motion to stay is **DENIED**.

**SO ORDERED**; signed January 22, 2020.

ADA BROWN
UNITED STATES DISTRICT JUDGE