# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 6, 2021
Lyle W. Cayce
Clerk

No. 20-10349
Summary Calendar

DEMETRICK PENNIE, A DALLAS POLICE SERGEANT, AND PRESIDENT OF THE DALLAS FALLEN OFFICER FOUNDATION,

*Plaintiff—Appellant,*

*versus*

ARIANA GIORGI, WRITER FOR DALLAS MORNING NEWS; MAYES MEDIA GROUP; BRIAN MAYES, PRESIDENT OF MAYES MEDIA; DALLAS POLICE ASSOCIATION; MICHAEL MATA, PRESIDENT OF THE DALLAS POLICE ASSOCIATION; THOMAS POPKEN, MEMBER OF THE DALLAS POLICE ASSOCIATION; DALLAS POLICE ASSOCIATION'S ASSIST THE OFFICER FOUNDATION, INCORPORATED; FREDERICK FRAZIER, PRESIDENT OF ASSIST THE OFFICER FOUNDATION; JOHN BURK, AFFILIATE OF ASSIST THE OFFICER FOUNDATION; CITY OF DALLAS; MIKE RAWLINGS, MAYOR OF THE CITY OF DALLAS; NAOMI MARTIN, FORMER WRITER FOR DALLAS MORNING NEWS AND CURRENT WRITER FOR THE BOSTON GLOBE; DALLAS MORNING NEWS,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-1945

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

EDITH H. JONES, *Circuit Judge*:*

The Plaintiff Demetrick Pennie asks this court to reverse the district court's dismissal of his defamation claims. After careful consideration of the applicable law and close review of the relevant portions of the record, we affirm.

## I. Background

A few days before the statute of limitations expired on his defamation claims, Pennie filed suit in district court.[1] Although he timely served the Defendants with notice, Pennie did not effectuate service until after expiration of the statute of limitation on his defamation claims.[2] In his November 2019 motion for extension of time to serve the Defendants, Pennie explained that he had "been deciding whether to proceed with this case, and has ultimately decided to move forward with it."

In November 2019, the District Court ordered the parties to comply with the local rule requiring local counsel within twenty days. N.D. TEX. LOC. R. 83.10(a). On the twentieth day, Pennie filed a motion for leave to proceed without local counsel. Pennie claimed his attorney, Mr. Klayman, had "filed and litigated numerous cases in this judicial district" without local

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] The defamation claims stem from an article published on August 17, 2018. Pennie filed suit on August 14, 2019. The relevant statute of limitations is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a); *see Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741–42 (5th Cir. 2019) ("Under Texas law, defamation claims generally are subject to a one-year statute of limitations.").

[2] Pennie received an extension for time to serve the Defendants until December 12, 2019.

No. 20-10349

counsel and was "familiar with the local rules." The district court denied Pennie's motion.

In December 2019, Pennie filed a motion requesting a ninety-day stay while he searched for local counsel. He claimed the district court was "forcing [him] to proceed *pro se*" and that he was "in the middle of a congressional campaign which is occupying much of his available time." Pennie indicated that he personally prepared the relevant filings because his attorney, Mr. Klayman, "is no longer allowed to represent him without local counsel." The district court denied his motion in January 2020, reasoning that Pennie had already had five months since filing his action to comply with the local rule. Further, the district court disagreed with Pennie's characterization that he was being forced to proceed *pro se* by observing that "his counsel has not withdrawn and assisted Pennie in filing his motion to stay." Nevertheless, the district court did not issue a Fed. R. Civ. Pro. 41(b) show cause order concerning failure to prosecute until March 2020, almost ninety days after Pennie filed his motion for a stay.

In the meantime, the Defendants had filed numerous dispositive motions that were never answered. The first dispositive motion was filed in November 2019. By the time the district court issued its show cause order, eleven unanswered motions to dismiss were pending. In its show cause order, the district court told Pennie that by March 17, he must show cause as to why his action should not be dismissed for failure to prosecute and file his response to each pending motion or suffer dismissal of his action "without further notice." Upon receiving no response, the district court dismissed the case without prejudice on March 19, 2020.

That same day, after the case was dismissed, Pennie filed a notice of appearance of local counsel and a motion to set aside the judgment of dismissal. Pennie claimed he missed the due date because it was

"inadvertently mismarked by counsel's staff," and he noted that dismissal would "severely prejudice" him because the statute of limitations for his defamation claims had expired and he could not refile the case. The district court denied Pennie's motion to set aside the judgment because "[t]he only thing he has done is to finally hire local counsel 114 days after this Court's deadline to do so passed."

## II. Discussion

Typically, dismissal under Rule 41(b) for failure to prosecute is reviewed for abuse of discretion. But a district court's discretion is narrower if the statute of limitations would bar refiling because dismissal would effectively be with prejudice. In this situation, dismissal is typically "appropriate only where there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). In addition, though not required, this court sometimes looks to "aggravating factors" that include "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) (quotation omitted).

We begin by observing the existence of aggravating factors in this case. First, Pennie was, at least in part, personally responsible for the delays. Even if we accept Pennie's unsworn claim that an unnamed person on "counsel's staff" mismarked the date for responding to the district court's show cause order, that was hardly the only delay in this case. The show cause order was issued precisely because Pennie had not responded to any dispositive motions or obtained local counsel for many months. These delays cannot be attributed entirely to Pennie's attorney. For instance, Pennie cited time

No. 20-10349

constraints due to his congressional campaign when seeking a ninety-day stay from the district court. He also characterized himself (albeit inaccurately) as proceeding *pro se*. The record indicates that Pennie was actively involved in managing his case and is accordingly responsible for failure to comply with the district court's local rules and case-specific orders.

Second, some level of prejudice accrued to the Defendants. Pennie waited until right before the statute of limitations expired to file his case, delayed serving the Defendants until months after limitations had expired, and then delayed the case by not obtaining local counsel and ignoring dispositive motions. Even though Pennie served process in accord with the district court's extended deadline, the fact that Pennie delayed service means that "[where] the statute has run, a potential defendant that has not been served is entitled to expect that it will no longer have to defend the claim." *Sealed Appellant*, 452 F.3d at 418, 420. But this fact applies with less force than some of the Defendants suggest. Much of the delay in this case occurred after the Defendants had been properly served, and they had expectations of being required to defend. *Cf. Sealed Appellant*, 452 F.3d at 417 (failing to serve process "during the two years after it was ordered by the court"); *Veazey v. Young's Yacht Sale and Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981) ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service . . . .").

In addition to these aggravating factors, there was a clear record of delay or contumacious conduct by the plaintiff. *Griggs*, 905 F.3d at 844. First, a "district court has discretion to adopt local rules," and these rules have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010). Pennie and Klayman had no right to assume the requirement to secure local counsel would not apply to them. They claim to have "anticipated no issues with the representation" and found the district court's "sudden" application of the rule "inexplicable." But Rule 83.10(a)

requires, on its face, local counsel "[u]nless exempted by LR 83.11." N.D. TEX. LOC. R. 83.10(a). Pennie and Klayman were responsible for obtaining an exemption from the outset; instead, the district court had to affirmatively impose the rule before they sought permission.

Moreover, Klayman was almost certainly aware of the local counsel requirement from the start. In one case before the same district court, Klayman responded to a show cause order requiring local counsel and was warned that "[f]ailure to comply may result in sanctions."[3] Order to Show Cause, *Cox v. Benbella Books Inc.*, No. 3:18-cv-03367-B, ECF No. 7 (N.D. Tex. Jan. 11, 2019). In another case, he appeared before the district court accompanied by local counsel. *See* Notice of Designation of Lead and Local Counsel, *Stephens v. Halliburton Company, et al.*, No. 3:02-cv-01442-L, ECF 76 at *1 (N.D. Tex. Jul. 24, 2003) (designating "Larry E. Klayman as lead counsel and Todd W. Hutton as local attorney in charge, in accordance with Local Rules 77.1(c) and 83.10(a)").

In any event, the district court was well within its discretion to enforce the local counsel rule. Because it did so in a brief electronic order, we do not know what reasons the district court considered when issuing the order. But Pennie does not offer any evidence to show the district court abused its discretion.[4] Defendants, on the other hand, point to Klayman's checkered history to demonstrate that requiring local counsel in this case made sense

---

[3] The court in that case ultimately granted Klayman's motion for leave to proceed without local counsel. Electronic Order, *Cox v. Benbella Books Inc.*, No. 3:18-cv-03367-B, ECF No. 9 (N.D. Tex. Jan. 17, 2019). We cite this case only to support our conclusion that Klayman was aware of the local counsel rule and possibility of sanctions.

[4] Pennie simply describes the district court's decisions as arbitrary and proceeds to make a bizarre series of accusations against the district court judge alleging racial or political animus. We see nothing in the record to support such accusations.

No. 20-10349

for reasons beyond simple compliance with the rules. *See In re Bundy*, 840 F.3d 1034, 1035–36 (9th Cir. 2016).[5]

Second, Pennie and Klayman completely disregarded the district court's rules and orders. Pursuant to Rule 83.10(a), they should have sought permission to proceed without local counsel at the start of the case in August 2019. Nevertheless, the district court ordered them to comply with the local rules in November 2019. Then the district court reiterated its order by denying Pennie's motion for a stay in January 2020. The district court provided a final warning and compliance opportunity in its show cause order in March 2020 before it ultimately dismissed the case.

Pennie claims he was searching for local counsel over these many months but offers no evidence to support this claim. For example, Pennie does not present the court with specific evidence that he did, in fact, solicit a single local law firm during this time period where a representation agreement was not ultimately reached.

And as noted above, Pennie never complied with the district court's order to respond to the Defendants' dispositive motions by March 17, 2020. Pennie argues that his unresponsiveness "highlights the prejudice" against him because "he suddenly had no counsel to assist him in responding to

---

[5] Klayman represented Bundy in this case. The Ninth Circuit affirmed denial of Klayman's *pro hac vice* application and summarized his questionable history as follows: "Under our decisions, the district court had more than ample cause to turn down Klayman's [*pro hac vice*] application: he is involved in an ethics proceeding before the District of Columbia Bar, and he was not candid with the court about the status of those proceedings; he disclosed that he was twice barred *in perpetuity* from appearing *pro hac vice* before judges in the Central District of California and the Southern District of New York, but he failed to list numerous cases—all available on Westlaw or LEXIS—in which he has been reprimanded, denied *pro hac vice* status, or otherwise sanctioned for violating various local rules; and he has a record of going after judges personally . . . ." *In re Bundy*, 840 F.3d at 1035–36.

No. 20-10349

motions to dismiss."[6]  But, as the district court noted, Klayman never withdrew from the case nor was he otherwise disqualified from the matter. Tellingly, Pennie did not even try to respond to a single motion to evidence his good faith.  In short, he is now a day late and a dollar short.

Pennie's efforts to minimize the length and severity of the delay are unavailing. *See Sealed Appellant*, 452 F.3d at 419 n.7 ("Other courts also have affirmed dismissals with prejudice for failure to serve process where limitations has run, even where delay was as short as four months"); *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 649 (1st Cir. 1990) (affirming dismissal where the time involved was three months, which the court characterized as "relatively short").  Further, the cases he cites are inapposite.

In *Gray*, this court reversed a district court dismissal of a case where there had been no "substantial proceedings of record in the past six months" and the "plaintiffs concede[d] negligence." *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981).  But in that case the contumacious conduct was less severe than the conduct here, and the court specifically recognized that the plaintiffs did not disobey court orders. *Id.*  In this case, Pennie disregarded explicit direction from the district court on multiple occasions before his case was ultimately dismissed. *See Figueroa Ruiz*, 896 F.2d at 649 ("Yet plaintiffs here were guilty not only of simple delay but of disobedience of a court order as well.  In such a case, the amount of time elapsed obviously becomes less pivotal.").

*Boazman* is also distinguishable. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210 (5th Cir. 1976).  In that case, although the plaintiff was "initially quite slow in prosecuting his case" he subsequently "began to prosecute his case

---

[6] It is ironic that Pennie makes this argument while simultaneously blaming counsel for missing the filing deadline.

No. 20-10349

in earnest." *Boazman*, 537 F.2d at 211–12.  Those are not the facts here. Additionally, in *Boazman* the district court initially dismissed the case with prejudice but later amended the dismissal to be without prejudice because dismissal with prejudice "was too severe a sanction where . . . the [plaintiff] was not responsible for his attorney's mistakes."  *Id.* at 212.  This court rightly "fail[ed] to see how a dismissal without prejudice is any less severe a sanction than a dismissal with prejudice" where "the statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed."  *Id.* at 213.  Here, of course, Pennie is at least partially to blame for the delays, and the district court never suggested that a dismissal with prejudice would be too severe.[7]

Finally, based on the totality of circumstances, we conclude that a lesser sanction would not better serve the interests of justice.  *Griggs*, 905 F.3d at 804.  The district court more than adequately attempted the lesser sanction of warning.  The district court repeatedly communicated that Pennie must comply with the local counsel rule and issued an explicit warning of the risk of dismissal in its show cause order.  "When lesser sanctions have proved futile, a district court may properly dismiss a suit with prejudice." *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984); *see Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985) (saying the same).

### III. Conclusion

Accordingly, we **AFFIRM** the district court's judgment.

---

[7] Pennie also cites the unpublished opinion *Cole v. Barnhart*, 193 F. App'x 279 (5th Cir. 2006), which is not binding precedent and is readily distinguishable.  In *Cole*, the district court "did not give notice of its intent to dismiss for failure to prosecute" and "made no finding of a clear record of delay or contumacious conduct by plaintiff." *Id.*  In this case, the district court did both.

## United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 28, 2021

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

    No. 20-10349   Pennie v. Giorgi
                          USDC No. 3:19-CV-1945

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Lisa E. Ferrara, Deputy Clerk
                              504-310-7675

cc:
    Mr. Fernando Arias
    Mr. Kevin Joseph Cook
    Mr. Charles Alfred Estee
    Ms. Jennifer Weber Johnson
    Mr. Larry Klayman
    Mr. Joseph Edward Legere
    Mr. Nicholas Dane Palmer
    Mr. James Bickford Pinson
    Mr. Lorin Marc Subar
    Ms. Shannon Zmud Teicher
    Mr. Mark A. Ticer
    Mr. Paul Christopher Watler
    Mr. Eric Daniel Wong